UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>      v.<br><br>**SIDNEY REID**<br><br>      Defendant. | Case: 1:25-mj-00123 (MJS) |

## MOTION TO RETURN PROPERTY AND LIMIT SCOPE OF SEARCH

Ms. Sidney Reid, through undersigned counsel, respectfully moves this Court to order the government to return her electronic device so that she can adequately consult with defense counsel, review discovery, and prepare for trial. In addition, Ms. Reid respectfully requests this Court limit any information seized and imaged from her phone not relevant to the present charge.

## BACKGROUND

Ms. Reid is charged in a criminal complaint with assaulting, resisting, or impeding certain officers or employees, in violation of 18 U.S.C. § 111(a)(1), based on conduct that occurred during a July 22, 2025 incident.

On July 22, 2025, FBI Agent Eugenia Bates, Enforcement and Removal Operations (ERO) Officer Dinko Residovic, and ERO Officer Vincent Lang[1] were assisting in the transfer of two individuals from the D.C. Central Detention Facility into the custody of Immigration and Customs Enforcement (ICE).

During the transfer, Ms. Reid allegedly approached the officers and started to record the agents. The criminal complaint states that Officer Lang instructed Ms. Reid to step back, but Ms. Reid allegedly moved closer and continued to record the arrest. Then, Ms. Reid allegedly

---

[1] ERO Officer Vincent Lang's name (badge number 5877) is spelled three different ways in the complaint ("Laing," "Liang," and "Lang"). For the purposes of this motion, defense counsel uses "Lang."

1

Case 1:25-mj-00123-MJS    Document 6    Filed 08/05/25    Page 2 of 6

attempted to go around officer Lang to get in between the agents and the second person being transferred. Officer Lang proceeded to push Ms. Reid against a wall. Officer Bates began to assist Officer Lang when Ms. Reid allegedly pushed Officer Bates's hand against the wall, resulting in lacerations.



*Laceration to Officer Bates's Hand, ECF 1*

On July 23, 2025, the government obtained a warrant to arrest Ms. Reid. During the arrest, the government also seized Ms. Reid's phone. The government has informed Counsel that because it believes relevant video of the incident exists on the phone, the phone seized phone—which remains in the government's possession—is evidence.

## ARGUMENT

**I.    This Court should order the government to immediately return Ms. Reid's phone**

Federal Rule of Criminal Procedure 41(g) provides that a defendant "aggrieved by an unlawful search or seizure of property or by the deprivation of property may move for that property's return."

A seizure that is "lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes" upon a defendant's possessory interests.

2

*United States v. Jacobsen*, 466 U.S. 109, 125 (1984); *see United States v. Dass*, 849 F.2d 414, 414-15 (9th Cir. 1988) (affirming suppression where there was a delay of 7-23 days in getting warrant to search seized packages). "[T]he manner in which the government executes [a] warrant must comport with the Fourth Amendment's reasonableness standard." *United States v. Metter*, 860 F. Supp. 2d 205, 212 (E.D.N.Y. 2012). When the government seizes electronic devices and media, "the Fourth Amendment requires the government to complete its review, *i.e.*, execute the warrant, within a 'reasonable' period of time." *Id*. at 215.

In a criminal case, this Court "has both the jurisdiction and the duty to ensure the return" "to the defendant that property seized from him in the investigation but which is not alleged to be stolen, contraband, or otherwise forfeitable, and which is not needed, or is no longer needed, as evidence." *United States v. Wilson*, 540 F.2d 1100, 1101 (D.C. Cir. 1976) (discussing Rule 41(e), the predecessor to Rule 41(g)). And relief under Rule 41 is not limited to cases in which the initial seizure of the property was unlawful. *See United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1173 (9th Cir. 2010) (en banc) (explaining that the language in Rule 41(g) "was designed to expand the rule's coverage to include property lawfully seized" and noting "[t]hat Rule 41(g) is broader than the exclusionary rule"), *overruled in part on other grounds as recognized by by Demaree v. Pederson*, 887 F.3d 870, 876 (9th Cir. 2018); *United States v. Hubbard*, 650 F.2d 293, 303 (D.C. Cir. 1980) ("Lawful seizure of the property, of itself, may affect the timing of the return, but never the owner's right to eventual return."); *In re Sealed Case*, 716 F.3d 603, 605 n. 2 (D.C. Cir. 2013) ("After the 1989 amendment to Rule 41, [the restriction on the suppression of property to the fruits of *unlawful* searches or seizers] is gone.").

Rule 41(g) simply "allows the owner of property the government has seized in a search to seek its return." *In re Sealed Case*, 716 F.3d at 605. The D.C. Circuit has stated that a "party from

3

whom materials are seized in the course of a criminal investigation retains a protectible property interest in the seized materials." *Hubbard*, 650 F.2d at 303. "[I]t is fundamental to the integrity of the criminal justice process that property involved in the proceeding, against which no Government claim lies, be returned promptly to its rightful owner." *Id.* (citation omitted). Lawfully seized property "may be retained pending exhaustion of its utility in criminal prosecutions," and unlawfully seized property "must on motion be promptly returned . . . unless it be contraband or statutorily forfeit, in which event it need not be returned at all." *Id.* at 303 n.26 (citations omitted).

The government does not need Ms. Reid's phone "to review its contents" once the government has extracted (or imaged) the contents of the device. *United States v. Dennis*, 622 F. Supp. 3d 1, 4 (S.D.N.Y. 2022). "The fact that the Government has . . . not completed its extraction and/or review . . . despite having had more than [two weeks] to do so would be a flimsy excuse for not allowing [Ms. Reid's] repossession of [her] property, and it invites inordinate delay." *Id*. In addition, the charge in this case does not inherently involve the use of a device like the cyberstalking charge in *Dennis*, and therefore, a comprehensive, sweeping search of the device is not necessary. Indeed, such a search would be violative of Ms. Reid's Fourth Amendment rights.

As for any purported government concern about proving authenticity at trial, "the Government can authenticate the contents of the phone" through various means. *Dennis*, 622 F. Supp. 3d at 4. In *Dennis*, for example, the court ordered the government to return the cell phone it seized from a defendant facing cyberstalking charges, explaining:

> [The government] can, for example, call witnesses who can testify that the extracted data was pulled from Mr. Dennis's phone. Additionally, the Government has not explained how presentation at trial of Mr. Dennis's phone will increase the credibility of its assertion that the extracted data did indeed come from Mr. Dennis's phone. Thus, the Government has not established its need for continuing possession of Mr. Dennis's property. *Id*. (citation omitted).

4

Here, as in *Dennis*, the government "has not explained how presentation at trial" of the actual devices "will increase the credibility of its assertion that the extracted data did indeed come from" those devices. *Id*. The government's retention of Ms. Reid's cell phone is particularly unreasonable because the government has the capacity to image electronic devices on-sight as opposed to seizing and retaining them. *See, e.g.*, *United States v. Manafort*, 314 F. Supp. 3d 258, 263 (D.D.C. 2018) ("The agents imaged many of the electronic devices, including the two computers, on site and left them there."); *Metter*, 860 F. Supp. 2d at 210 ("With respect to the seized computer hard drives, the government created images of the hard drives, and promptly returned the computer hardware to its appropriate owner."); *In re Sealed Case*, 716 F.3d at 604 ("The boxes and the electronic devices contained more than twenty-three million pages of documents. Within days of the search, the government had copied and returned to [redacted] the contents of most of the electronic devices.").

In accordance with Rule 41(g), the government should return Ms. Reid's phone because extended possession of the property is unreasonable, serves no purpose, and violates Ms. Reid's Fourth Amendment rights.

### II.     This Court should limit the government's search of Ms. Reid's phone.

This Court should limit the search of Ms. Reid's phone to the alleged recording at the D.C. Central Detention Facility on July 22, 2025. The government cannot rely on non-existent evidence to rummage through the entirety of a phone.

An application for a search warrant must, by probable cause, "particularly describe[e] the place to be searched." U.S. Const. amend. IV.  This requires that the application specify the items to be seized and "of course, [establish] a nexus . . . between the item to be seized and criminal behavior." *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 307 (1967). The Court recognized

that "[e]ven an individual pulled over for something as basic as speeding might well have locational data dispositive of guilt on his phone. . . . The sources of potential pertinent information are virtually unlimited." *Riley v. California*, 573 U.S. 373 (2014). But the government does not have "unbridled discretion to rummage at will among a person's private effects." *Id*. (quoting *Arizona v. Gant*, 556 U.S. 332, 345 (2009)). A "let's look anywhere" approach to policing is exactly what the Fourth Amendment forbids. Seizing and imaging all electronic devices and retaining those devices and images indefinitely to search at-will undoubtedly constitutes a "general search" prohibited by the Fourth Amendment. *Metter*, 860 F. Supp. 2d at 216.

Here, officers cannot search Ms. Reid's digital device(s) simply because they can "come up with several reasons to suppose evidence" of the crime alleged in this case "could be found" on it. *Riley*, 573 U.S. at 399. The government must limit their search to the relevant video(s) taken on July, 22, 2025 at the D.C. Central Detention Facility.

## CONCLUSION

For the foregoing reasons, and for any other reasons set forth at a hearing on this motion or in supplemental pleadings, and that this Court may deem just and proper, Ms. Reid respectfully requests that the Court grant this motion, order the government to promptly return to her the device it has retained, and limit the information seized from Ms. Reid's phone.

                Respectfully submitted,

                A.J. KRAMER
                FEDERAL PUBLIC DEFENDER
                _____/s/_____
                Tezira Abe
                Assistant Federal Public Defender
                625 Indiana Ave., N.W., Suite 550
                Washington, D.C. 20004
                (202) 208-7500